Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
for the
District of Columbia

Civil Division

Case: 1:21–cv–03239 JURY DEMAND
Assigned To : Nichols, Carl J.
Assign. Date : 12/10/2021
Description: Employ. Discrim. (H–DECK)

Carl Earskin Pannell, Jr.

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

GAP Solutions Incorporated

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Jury Trial: *(check one)*  ✔ Yes  ☐ No

## COMPLAINT FOR A CIVIL CASE

**I.  The Parties to This Complaint**

   **A.  The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   | | |
   |---|---|
   | Name | Carl Earskin Pannell, Jr. |
   | Street Address | 12600 Northton Court |
   | City and County | Upper Marlboro, Prince George's County |
   | State and Zip Code | Maryland, 20772 |
   | Telephone Number | (301) 523-8480 |
   | E-mail Address | cpannelljr@gmail.com |

   **RECEIVED DEC 10 2021**
   Clerk, U.S. District & Bankruptcy Courts for the District of Columbia

   **B.  The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1
    Name     GAP Solutions Incorporated
    Job or Title *(if known)*
    Street Address     205 Van Buren Street, suite #205
    City and County     Herndon, Fairfax County
    State and Zip Code     Virginia, 20170
    Telephone Number     (703) 707-2090
    E-mail Address *(if known)*

Defendant No. 2
    Name
    Job or Title *(if known)*
    Street Address
    City and County
    State and Zip Code
    Telephone Number
    E-mail Address *(if known)*

Defendant No. 3
    Name
    Job or Title *(if known)*
    Street Address
    City and County
    State and Zip Code
    Telephone Number
    E-mail Address *(if known)*

Defendant No. 4
    Name
    Job or Title *(if known)*
    Street Address
    City and County
    State and Zip Code
    Telephone Number
    E-mail Address *(if known)*

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☐ Federal question     ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

    a. If the plaintiff is an individual

    The plaintiff, *(name)* Carl Earskin Pannell Jr., is a citizen of the State of *(name)* Maryland.

    b. If the plaintiff is a corporation

    The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

    a. If the defendant is an individual

    The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

      b.    If the defendant is a corporation

The defendant, *(name)* GAP Solutions, Inc. , is incorporated under the laws of the State of *(name)* Virginia , and has its principal place of business in the State of *(name)* District of Columbia .

Or is incorporated under the laws of *(foreign nation)* _____ , and has its principal place of business in *(name)* _____ .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 12/10/2021

Signature of Plaintiff: [signature]

Printed Name of Plaintiff: Carl Earskin Pannell. Jr

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(Civil Division)

| | |
|---|---|
| CARL E. PANNELL, JR.<br>12600 Northton Court<br>Upper Marlboro, MD 20772<br><br>            Plaintiff,<br>V.<br><br>GAP SOLUTIONS INCORPORATED<br>205 Van Buren Street, suite #205<br>Herndon, VA 20170<br><br>            Defendant. | * Case: 1:21-cv-03239 JURY DEMAND<br>* Assigned To : Nichols, Carl J.<br>* Assign. Date : 12/10/2021<br>* Description: Pro Se Gen. Civ. (F-DECK)<br>*<br>* **Jury Demanded** |

## COMPLAINT

NOW COMES Plaintiff Carl E. Pannell, Jr. sues Defendant GAP Solutions Incorporated ("GAPSI" or "Defendant") and for cause of action states as follows:

### NATURE OF CAUSE

1.      Plaintiff Carl E. Pannell Jr. brings this civil action for relief from the Defendant's discriminatory conduct in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, et seq,; and the Civil Rights Act of 1991, 42 U.S.C. §1981a; for relief from discrimination based on sex (male).

### JURISDICTION AND VENUE

2.      This court has jurisdiction over this complaint pursuant to 28 U.S.C. § 1331, as it asserts a claim that arises under laws of the United States, specifically the Title VII. 28 U.S.C. § 1331; see also 28 U.S.C. 1343.

3.      Venue is appropriate and based on the face that a substantial part of the actions complained of are the results of actions and the employment practices of Defendant, an Agency that operates within the District of Columbia, and occurred in the District of Columbia. 28 U.S.C. § 1391. Venue is further proper in this district because there is no other district in which this action may

RECEIVED

DEC 10 2021

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

otherwise be brought. *Id.*

## EXHAUSTION OF REMEDIES

4. Plaintiff timely contacted the District of Columbia Office of Human Rights and filed a complaint against GAPSI alleging violations of Title VII, identified as OHR No. 18-170P(CN) & EEOC No. 10C-2018-00187.

5. Plaintiff has exhausted all of his administrative remedies.

6. On September 14, 2021, Plaintiff timely request a "Notice of Right to Sue"

7. On September 14, 2021 the EEOC electronically sent Plaintiff a "Notice of Right to Sue", dated September 1, 2021 which provided him with 90-days from receipt of that notice to file his federal lawsuit.

8. Plaintiff hereby timely files this action within 90 days after receipt of the EEOC's notice of the right to sue.

## PARTIES

9. Plaintiff is currently domiciled at 12600 Northton Ct, Upper Marlboro, Maryland 20772 Plaintiff is a resident of the Prince George's County, Maryland and a United States Citizen.

10. Defendant GAPSI is an incorporated business that is based in Herndon, Virginia. GAPSI provides administrative support and personnel to Federal Agencies in the District of Columbia and the surrounding Metropolitan and is subject to suit for the negligent, discriminatory, wanton, willful or wrongful acts and/or omissions of its employees or agents and is therefore are liable pursuant to the doctrine of *Respondeat Superior.*

### Facts

11. Plaintiff incorporates all information and allegation contained in the proceeding paragraphs as fully set forth herein

12. Plaintiff began full-time employment with GAPSI on April 26, 2016 as a Personnel Security Assistant.

13. Plaintiff physically worked at the United States Secret Service, located at 950 H St NW,

Washington, DC 20223, a contract that was awarded to Defendant and primary contracting company Parker Tide Corporation.

14. While employed as a full-time Personnel Security Assistant Plaintiff was supervised by off-site Project Manager Alexandra Meehan. On or around June 2017 Alexandra Meehan would resign from GAPSI and Steve Ruppert served as interim Project Manager.

15. Plaintiff was reported to on-site Team Lead Alfreda Smith who employed by primary contracting company Parker Tide Corporation.

16. From the first day of employment Plaintiff was harassed and mocked by his female coworkers. The discrimination was regular and routine, and often occurred several times a week.

17. During relevant time period Plaintiff was treated differently by Team Lead, Alfreda Smith because of his sex. Specific examples of the discrimination and harassment include the following. (a) Smith instructed Plaintiff to sit at another desk location other than desk he was had already been situated at, though Smith did not request this from Plaintiff's other female coworkers. (b) Smith instructed Plaintiff to not assist certain coworkers even though other female coworkers were allowed to assist each other. (c) Smith gave instruction to Plaintiff and other similar situated employees to submit email arrival notices but Smith gave leniency to Plaintiff's other female coworkers and were not obligatee to send emails notifying Smith of their arrival.

18. On or about from June 2017 to August 2017 Smith allowed and gave permission for Plaintiff's female coworkers to extend their break period and attend gym classes during scheduled work hours. Also, Smith allowed those female coworkers to remain in leotards and other gym apparel for remaining work hours which was against the workplace dress code.

19. For poor performance and conduct unbecoming as a Team Lead, which lead to an internal investigation conducted by the client the United States Secret Service, Smith's responsibilities were abated though she would hold title of Team Lead.

20. Plaintiff also suffered discrimination and disparate treatment from interim Project

Manager Steve Ruppert, when Plaintiff was terminated for allegedly "not getting along" with Smith. Though Plaintiff's other female coworkers had severe history of "not getting along" with Smith to include written and oral complaints concerning Smith no other female coworker was ever terminated by Defendant for similar behavior.

21. After Plaintiff was terminated and left the premises of his workplace Ruppert informed Plaintiff that he was anticipating that primary contracting company Parker Tide Corporation would Terminate Smith's employment and removal from the contract.

## COUNT ONE
### Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§§2000e, *et seq.*
**(Retaliation)**

22. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

23. Plaintiff regularly complained to his supervisor and throughout his chain of command regarding the discriminatory and retaliatory treatment and hostile work environment that he was experiencing.

24. Soon after complaining, Plaintiff was subjected to adverse actions alleged throughout this Complaint.

25. Defendant subjected Plaintiff to the aforementioned adverse employment actions because of his participation and opposition to the unlawful and discriminatory employment practices of Defendant in violation of Title VII.

26. Plaintiff's prior protected activity was a determining factor in Defendant's unlawful conduct toward Plaintiff.

27. Plaintiff's other female coworkers were not subjected to the same, similar or any adverse treatment, to include termination.

28. The adverse treatment that Plaintiff was being subjected to by Defendant was obvious to his co-workers who could and did observe the distress that it caused Plaintiff.

29. Defendant's unlawful conduct has created a climate of fear and intimidation for Plaintiff

and other employees, which creates a chilling effect in violation of Title VII.

30. The reasons proffered by Defendant for its unlawful conduct are pretextual and Defendant cannot further offer any legitimate reason for its unlawful conduct.

31. Defendant's unlawful conduct negatively impacted the terms, conditions and privileges of Plaintiff's employment.

32. Defendant's retaliatory conduct has been intentional, deliberate, willful, malicious, reckless and in callous disregard of the rights of Plaintiff because of his participation and opposition to Defendant's discriminatory conduct.

33. By failing to take appropriate and effective remedial action against Plaintiff's supervisors, Defendant acted with malice or with reckless or callous indifference to Plaintiff's complaints.

34. Defendant is directly liable for the discriminatory acts or omissions of its agents, servants and employees while acting within the course and scope of their employment, under the theory of *Respondeat Superior*.

35. As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from monetary damages – including but not limited to past and future loss of income, benefits, promotion and promotional opportunities, career opportunities, medical expenses and costs -and is entitled to all available legal and equitable remedies.

36. Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and his injury is permanent in nature. Further, Defendant's treatment and actions were ongoing.

37. Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, and all of the other losses stated with Plaintiff contributing in any way thereto.

**WHEREFORE,** Plaintiff respectfully prays that this Honorable Court:

- Award compensatory damages in excess Two Hundred Thousand Dollars ($200,000.00);

- Damages and equitable relief for all harm Plaintiff has sustained as a result of

- Defendant's unlawful conduct including for loss of promotional potential, reputation, lost wages, lost job benefits she would have received but for Defendant's unlawful conduct;

- Award reasonable attorney fees, costs, and expenses incurred for this action;

- Order Defendant to institute a policy and procedure to be implemented against discrimination;

- Employment Opportunity training for Defendant and the supervisory officials at issue herein;

- Supervisory training for the supervisors at issue herein;

- Award equitable, declaratory, and injunctive relief; and

- Award such other and further relief as this Honorable Court deems just and proper

## COUNT TWO
### (Equitable Relief)

38. Plaintiff hereby incorporates, by reference hereto, the facts, law, and/or allegations contained within the preceding paragraphs, as fully set forth herein.

39. Because of the actions alleged herein, the continued employment of the supervisors at issue herein without training in equal employment opportunity law, rules and regulations, present clear and present dangers to the employees of Defendant and could result in further illegal actions on the party of Defendant, by and through its agents, servants and employees.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

- Order the Defendant institute a policy and procedure to be implemented against discrimination;

- Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

- Supervisory training for the supervisors at issue herein; and

- Such other and further relief as this Court deems just and proper.

## COUNT THREE
### (Constructive Discharge)

40. Plaintiff hereby incorporates, by reference hereto, the facts, law, and/or allegations contained within the preceding paragraphs, as fully set forth herein.

41. Defendant deliberately and intentionally created a work environment that was hostile to Plaintiff, who asserted their EEO rights.

42. Defendant's aforementioned deliberate and unlawful discriminatory and retaliatory conduct, which includes, but is not limited to demoting his, denying his overtime, denying his leave request, issuing derelictions against his hampering his ability to be promoted.

43. Plaintiff did not leave his employment with the Defendant of his own accord.

44. Under the working conditions mentioned in this Complaint that Plaintiff experienced, a reasonable person would have been compelled to resign.

45. Defendant's conduct has been intentional, deliberate, willful, malicious, reckless and in callous disregard of the rights of Plaintiff because of his participation and opposition to Defendant's discriminatory conduct.

46. Defendant is directly liable for the discriminatory acts or omissions of its respective agents, servants and employees while acting within the course and scope of their employment, under the theory of *Respondeat Superior*.

47. As a direct and proximate cause of Defendant's conduct alleged in this Complaint, Plaintiff suffered and continues for suffer from monetary damages – including but not limited to past and future loss of income, benefits, promotion and promotional opportunities, career opportunities, expenses and costs – and is entitled to all available legal and equitable remedies.

48. Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and his injury is permanent in nature. Defendant's treatment and actions were ongoing.

49. Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, and all of the other losses stated without Plaintiff contributing in any way thereto.

**WHEREFORE,** Plaintiff respectfully prays that this Honorable Court:

a. Award compensatory damages in excess of Two Hundred Thousand Dollars ($200,000.00);

b. Damages and equitable relief for all harm Plaintiff has sustained as a result of Defendant's unlawful conduct including for loss of promotional potential, reputation, lost wages, lost job benefits he would have received but for Defendant's unlawful conduct;

c. Award reasonable attorney fees, costs and expenses incurred for this action;

d. Declaratory and injunctive relief;

e. Order the Defendant to institute a policy and procedure to be implemented against discrimination;

f. Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

g. Supervisory training for the supervisors at issue herein; and

h. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

49. Pursuant to Fed. R. Civ. P. 38, Plaintiff demands trial by jury on all issues so triable.

By: *[signature]*
CARL EARSKIN PANNEL, JR.
(Pro Se)
12600 Northton Court
Upper Marlboro, MD 20772
Cell: (301) 523-8480
Email: cpannelljr@gmail.com

December 9, 2021