IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARL EARSKIN PANNELL, JR.,<br><br>Plaintiff,<br>v.<br><br>GAP SOLUTIONS INCORPORATED,<br><br>Defendant. | Civil Action No. 1:21-cv-03239-CJN |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant GAP Solutions Incorporated ("GAP Solutions" or "Defendant") submits this Memorandum of Law in support of its Motion to Dismiss Carl Earskin Pannell Jr.'s ("Plaintiff") Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. In support of this Motion, Defendant states as follows.

### I.  SUMMARY OF ARGUMENT

This is an employment discrimination case. Plaintiff brings three causes of action against Defendant: 1) Retaliation (Count I); 2) Equitable Relief (Count II); and 3) Constructive Discharge (Count III). None of Plaintiff's allegations state a claim upon which relief can be granted. As to retaliation, Plaintiff's claim fails because he failed to properly exhaust his administrative remedies as required under Title VII of the Civil Rights Act of 1964 ("Title VII"). As to equitable relief, Plaintiff's claim fails because such claim is not an independent cause of action. Additionally, Plaintiff fails to plead any facts that explain how the relief he seeks is at all related to him or his former employment with Defendant. As to constructive discharge, Plaintiff's claim fails because the Complaint acknowledges that Plaintiff was terminated from his employment. Additionally,

1

similar to his equitable relief claim, Plaintiff cannot sustain a constructive discharge claim as an independent cause of action.

For these reasons, the Court should dismiss Plaintiff's Complaint in its entirety.

## II.  FACTS

The facts as alleged by Plaintiff in his Complaint, which are accepted as true solely for the purposes of this Motion, are summarized as follows:

### A. Plaintiff's Employment with Defendant GAP Solutions

Plaintiff worked for Defendant, a government contractor, as a Personnel Security Assistant from April 26, 2016 until August 3, 2017. Complaint ("Compl.") at ¶ 12; Charge of Discrimination, attached hereto as Ex. 1. Defendant assigned Plaintiff to a contract with the United States Secret Service, reporting directly to Project Manager Alexandra Meehan. Compl. at ¶ 13. Ms. Meehan resigned from her employment with Defendant on or around June 2017. Compl. at ¶ 14. Plaintiff then reported to the on-site Team Lead Alfreda Smith, employed by the United States Secret Service contract primary contacting company Parker Tide Corporation. Compl. at ¶ 15.

Plaintiff alleges that beginning his first day of his employment, he was "harassed and mocked" by his female coworkers. Compl. at ¶ 16. Plaintiff further alleges that Ms. Smith treated him differently because of his sex. Compl. at ¶ 17. Plaintiff also alleges that he suffered discrimination and disparate treatment from interim Project Manager Steve Ruppert. Compl. at ¶ 20.

### B. Plaintiff's Termination

Plaintiff alleges that he was terminated by Mr. Ruppert for "not getting along" with Ms. Smith. Compl. at ¶ 20. Plaintiff again emphasizes that he was "terminated" when he alleges that

Mr. Ruppert informed him that it was likely that Parker Tide Corporation would terminate his assignment and remove him from the contract. Compl. at ¶ 21.

### C. <u>Facts Relevant to the Stated Causes of Action</u>

Plaintiff's Complaint alleges that he filed a Charge of Discrimination against GAP Solutions with the District of Columbia Office of Human Rights ("D.C. OHR"), identified as OHR No. 18-170P(CN). The Charge was dually filed with the EEOC and given Charge No. 10C-2018-00187. Plaintiff alleges that he exhausted all of his administrative remedies. Compl. at ¶¶ 4-5.

As to retaliation, Plaintiff alleges that he "regularly complained" to his supervisor and the related chain of command regarding the "discriminatory and retaliatory" treatment and hostile work environment he experienced. Compl. at ¶ 23. Plaintiff further alleges that he was subjected to adverse actions following these complaints. Compl. at ¶ 24. Plaintiff does not allege that he filed a retaliation claim before the D.C. OHR, and there is no indication of such claim in his Charge. *See generally* Ex. 1.

As to the equitable relief claim, Plaintiff merely alleges, without any factual detail, that the "supervisors at issue", referring to Ms. Smith and Mr. Ruppert, lacked equal employment opportunity training. Compl. at ¶ 39. Plaintiff further contends that these supervisors' continued employment "could result in further illegal actions". Compl. at ¶ 39. Plaintiff fails to allege whether Ms. Smith is still employed by the Parker Tide Corporation. Plaintiff also does not allege that Defendant exerts any control or authority over Ms. Smith.

As to the constructive discharge claim, Plaintiff states "he did not leave his employment with the Defendant of his own accord." Compl. at ¶ 43. Plaintiff further alleges that under the working conditions alleged in his Complaint, "a reasonable person would have been compelled to resign," but not that he, in fact, ever resigned from his employment. Compl. at ¶ 44. Plaintiff

simultaneously alleges, in both his Complaint and underlying Charge, that he was terminated. Compl. at ¶¶ 20-21 and Ex. 1.

### III. STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level…on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the…claim is and the grounds upon which it rests.'" *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus, the plaintiff's obligation is to set forth sufficiently the "grounds of his entitlement to relief," offering more than "labels and conclusions." *Id.* (internal quotation marks and alterations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged- but it has not 'show[n]'-' that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).

### IV. ARGUMENT

#### A. Plaintiff Failed to Properly Exhaust his Title VII Retaliation Claim

The Court should dismiss Count I of Plaintiff's Complaint for failure to state a claim because Plaintiff failed to properly exhaust his Title VII retaliation claim. Plaintiff's allegation that he has administratively exhausted all of his claims is facially contradicted by his underlying Charge of Discrimination, which is devoid of any allegations concerning protected activity or

retaliation. Ex. 1. [1] Plaintiff did not even check the box for "retaliation" on his Charge. "Complainants must timely exhaust administrative remedies before bringing their Title VII retaliation claims to court." *Bowden v. United* States, 10 F.3d 433, 437 (D.C. Cir. 1997). The reasoning behind such requirement is "to give the agency notice of a claim and the opportunity to handle it internally so that only claims plaintiff has diligently pursued will survive." *Romero-Ostolaza v. Ridge,* 370 F. Supp. 2d 139, 149 (D.D.C. 2005) (citing *Velikonja v. Mueller,* 315 F. Supp. 2d 66, 74 (D.D.C. 2004)).

For example, in *Hicklin v. McDonald*, this Court dismissed the plaintiff's Title VII retaliation claim for two reasons: 1) he did not check the retaliation box on the charge form; and 2) the charge's factual allegations, which focused on discrimination, "failed to provide the slightest hint that the plaintiff may have viewed" his termination as a retaliatory act. 110 F. Supp. 3d 16, 20 (D.D.C. 2015); *see also Robinson-Reeder v. American Council on Educ.,* 532 F. Supp. 2d 6, 10-11 (D.D.C. 2008) (same); *see also Nyunt v. Tomlinson*, No. 05-1712, 2006 U.S. Dist. LEXIS 29424 at *11, 14 (D.D.C. May 15, 2006) (dismissing retaliation claim because plaintiff failed to articulate a claim of retaliation in an EEO complaint that described only alleged discrimination based on age and national origin).

Like the plaintiffs in *Hicklin, Robinson-Reeder* and *Nyunt*, Plaintiff did not check the retaliation box in his Charge giving rise to the instant litigation. Ex. 1. Nor did Plaintiff advance a single allegation to put the D.C. OHR, EEOC or Defendant on notice that he considered any of the alleged adverse actions to be retaliatory. *See generally* Ex. 1. Plaintiff's termination was effective

---

[1] A motion to dismiss for failure to exhaust administrative remedies is properly addressed under Federal Rule of Civil Procedure 12(b)(6). *See Marcelus v. Corr. Corp. of America/Correctional Treatment Facility*, 540 F. Supp. 2d 231, 234-35 (D.D.C. 2008). In considering motions on this basis, the court may consider documents upon which the plaintiff's complaint necessarily relies even if the document is produced by the defendant in a motion to dismiss. *Ward v. D.C. Dep't of Youth Rehab. Servs.,* 768 F. Supp. 2d 117, 119 (D.D.C. 2011).

prior to the filing of his Charge. Thus, anything Plaintiff perceived to be retaliatory relating to his employment was ripe for review by the investigating agency at the time of filing. Plaintiff also had years while the D.C. OHR investigated his case to amend his Charge, but never did.

For these reasons, Plaintiff's retaliation claim should be dismissed as a matter of law for failure to state a claim.

B. <u>**Plaintiff Fails to State a Claim for Equitable Relief**</u>

Plaintiff alleges that the continued employment of Ms. Smith and Mr. Ruppert, "without training in equal employment opportunity law, rules and regulations," presents "dangers" to Defendant's employees, entitling him to equitable relief. Compl. at ¶ 39. Plaintiff acknowledges that Ms. Smith is not Defendant's employee, but rather an employee of the Parker Tide Corporation. Compl. at ¶ 15. In evaluating claims for equitable relief, the Court's goal is to restore the plaintiff, as nearly as possible, to the circumstances they "would have occupied if the wrong had not been committed." *Lander v. Lujan*, 888 F.2d 153, 156 (D.C. Cir. 1989) (internal quotation marks omitted) (quoting *Abermarle Paper Co. v. Moody,* 422 U.S. 405, 418 (1975)).

Plaintiff's equitable relief claim fails for three reasons. First and foremost, equitable relief is a form of relief and not a cause of action. *Hendrix v. Napolitano,* 77 F.Supp. 3d 188, 196-97 (D.D.C. 2015). Second, the Complaint does not set forth any allegations to explain how the court granting such relief would make him whole. In fact, Plaintiff's claim does not involve him or his employment with Defendant at all. Plaintiff's claim for equitable relief is premised solely on the "continued employment" of Ms. Smith and Mr. Ruppert and how it would allegedly affect Defendant's current employees. *See e.g., Craig v. Mnuchin*, No. 14-340 (RC), 2018 U.S. Dist. LEXIS 198148 (D.D.C. Nov. 21, 2018) (court granted some of the equitable relief sought by the

plaintiff because it would "restore [him], as nearly as possible, to the circumstances he would have occupied but for…the retaliation").

Third, Plaintiff has failed to plead any facts to establish that Defendant has control or authority to Ms. Smith, an employee of a non-party. In determining whether to impose liability for non-employee conduct, the EEOC instructs that "the extent of the employer's control and any other legal responsibility which the employer may have with respect to the conduct of such non-employees." 29 C.F.R. § 1604.11(e). It logically follows that Defendant could not be expected to implement a training of any kind for an employee of a primary contracting company. For this reason, even if the Court were to grant such relief as requested by Plaintiff, Defendant could not perform this function with respect to Ms. Smith.

As Plaintiff's claim for equitable relief is not a separate cause of action, is not related to him or his employment, nor is it properly lodged against Ms. Smith, it should be dismissed.

## C. **Plaintiff Fails to State a Constructive Discharge Claim**

Plaintiff alleges that "under the working conditions …that [he] experienced, a reasonable person would have been compelled to resign." Compl. at ¶ 44. But Plaintiff does not allege that he resigned from his employment. *See generally* Compl. In order to show constructive discharge a plaintiff must first show that he was subjected to intentional discrimination or retaliation, and then *forced to quit* as a result of the intentional discrimination or retaliation and aggravating circumstances. *Carter v. George Washington Univ.,* 387 F.3d 872, 883 (D.C. Cir. 2004); *Russ v. Van Scoyoc Assocs.,* 122 F. Supp. 2d 29, 35 (D.D.C. 2000) (emphasis added). In addition, there is no independent cause of action for constructive discharge. *Carter,* 387 F.3d 872 at 883.

First, Plaintiff twice concedes in his Complaint – and there is no dispute – that Plaintiff was involuntarily terminated from his employment with Defendant. Plaintiff initially alleges that

he "was terminated for allegedly 'not getting along' with Smith." Compl. at ¶ 20. Plaintiff further alleges that "[he] was terminated and left the premises [of] his workplace." Compl. at ¶ 21. It is clear from Plaintiff's allegations alone that "he did not leave his employment on his own accord." Compl. at ¶ 43. Accordingly, he could not have resigned, and could not have been subjected to *constructive* discharge, because he was terminated.

Second, Plaintiff's constructive discharge claim is pleaded as an independent cause of action, which this Court does not recognize. Constructive discharge is a component of a Title VII claim. *See Carter,* 318 F.3d at 883 (constructive discharge claims "must be predicated on a showing of either intentional discrimination or retaliation"). Establishing that the employee was constructively discharged is just one way of establishing an element of a Title VII claim, that the plaintiff suffered an adverse action. *Russ,* 122 F.Supp.2d at 35; *see also Kalinoski v. Gutierrez,* 435 F. Supp. 2d 55, 74 (D.D.C. 2006) (quoting *EEOC v. R.J. Gallagher Co.,* 959 F. Supp. 405, 408 (S.D. Tex. 1997) ("a claim of constructive discharge is not an independent claim for recovery; it is a counter-defense to the employer's defense that the worker quit.") Plaintiff's attempt to establish an independent cause of action on this basis fails.

For these reasons, Plaintiff's constructive discharge claim must be dismissed.

## V. <u>CONCLUSION</u>

For all of the above reasons, Plaintiff's Complaint fails to state a claim upon which relief may be granted. Accordingly, pursuant to Rule 12(b)(6), the Court should dismiss Plaintiff's Complaint in its entirety.

Dated: March 1, 2022                                  Respectfully submitted,

                                                      **JACKSON LEWIS**


                                                      By:      */s/ Janea J. Hawkins*
                                                      Teresa Burke Wright (DC Bar No. 429196)
                                                      Janea J. Hawkins (DC Bar No. 1025600)
                                                      10701 Parkridge Blvd., Suite 300
                                                      Reston, VA  20191
                                                      Tel:    (703) 483-8300
                                                      Fax:    (703) 483-8301
                                                      Teresa.Wright@jacksonlewis.com
                                                      Janea.Hawkins@jacksonlewis.com

                                                      *Counsel for Defendant GAP Solutions Incorporated*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 1st day of March, 2022, I caused a copy of the foregoing *Memorandum in Support of Motion to Dismiss* to be electronically filed with the Clerk of Court and sent to the following via U.S first class mail, postage prepaid:

>Carl Earskin Pannell, Jr.
>12600 Northton Court
>Upper Marlboro, MD 20772
>
>***Plaintiff Pro Se***

>          */s/ Janea J. Hawkins*
>Janea J. Hawkins (DC Bar No. 1025600)
>**JACKSON LEWIS P.C.**
>10701 Parkridge Blvd., Ste. 300
>Reston, VA  20191
>(703) 483-8300 – Telephone
>(703) 483-8301 – Fax
>Janea.Hawkins@JacksonLewis.com
>
>***Counsel for Defendant GAP Solutions Incorporated***